## Case No. 18,205.

### The ZEALAND.

### [1 Lowell, 1.] [1]

District Court, D. Massachusetts.    May, 1865.

#### SALVAGE OF DERELICT.

A derelict was found at sea and towed for two days by a fishing schooner, with some difficulty and injury to the schooner, into a port of safety, and was libelled for salvage, and remained unclaimed for nearly a year, and there was evidence that the owner was informed of the proceedings and refused to appear, and the proceeds of sale were only $206. The whole net proceeds were decreed to the salvors.

[Cited in The Carl Schurz, Case No. 2,414; The Cairnsmore, 20 Fed. 524.]

The fishing schooner Pescador, of Gloucester, of ninety-one tons burden, and having a crew of nine men, all told, fell in with this derelict near the edge of George's Banks on the 27th of March, 1864, and undertook to tow her to Gloucester, a distance of about one hundred and eighty miles, abandoning her own voyage. The wind and weather were not favorable; and on the second day, in trying to make the harbor, the Pescador broke her main-boom. The libel was pending nearly a year, and no claimant appearing, was heard ex parte. Besides the facts above recited, it was proved that the proceeds of sale, after deducting the marshal's costs, were $206; and that the owner of the derelict was known, and had been informed of the proceedings, and did not choose to appear.

C. P. Thompson, for libellants.

We ask for as much as the court ever allows. There is a case in which five-sixths of the value was awarded.

LOWELL, District Judge. There is authority for giving the whole net proceeds in a case of this peculiar character. The Rutland Derelict, 3 Ir. Jur. 283; The Castletown, 5 Ir. Jur. 379. It is not only in the Irish courts that we find a precedent for decreeing the whole property as a reward for saving the remainder. It is has been done in England (The William Hamilton, 3 Hagg. Adm. 168, and note); and that case is in fact the leading authority on this point, and is cited without disapproval by many learned authors. I have not met with an American case which goes so far, but neither have I seen one in

which there was occasion to rule upon the matter. In England, if no claimant appeared, the question would be between the salvors and the crown; but here there is evidence of a distinct refusal by the owner to claim. · If he had appeared, I should not feel at liberty to make the order; yet as the salvors might well ask for remuneration for the actual damage suffered by their schooner, in the name of expenses, there would be very little left to divide; and this, probably, was the motive operating with the owner in refusing to claim. His abandonment must be held to enure to the benefit of the libellants.

Decree that the money in the registry, after payment of costs, be transferred to the libellants for their salvage and expenses.