## THE L. W. PERRY.

(District Court, E. D. Wisconsin. February 3, 1896.)

**1. SALVAGE COMPENSATION—DERELICT.**

In the case of a derelict, even if the salvage services have been very meritorious, the fact that the vessel and cargo saved are of slight value, and insufficient even to compensate the salvors for their labor, does not authorize the court to award them the entire proceeds, especially where a claimant appears; for salvage, in its nature, implies a benefit to the owner of the property, and if he receives nothing, to deny him any share, is to repudiate the doctrine of salvage.

**2. SAME—NATURE OF SALVAGE INTEREST.**

Salvage constitutes an interest in the property saved, and is subject to the risk of subsequent depreciation of the value of the property by subsequent accidents or otherwise.

**3. SAME—COMPENSATION.**

Where a derelict vessel was stranded in the harbor after the rendition of salvage services, whereby large expenses were incurred, so that the net proceeds were insufficient even to compensate the salvors for their work and labor, *held* that 75 per cent. of the net proceeds should be awarded.

In admiralty.

The Flint & Pere Marquette Railway Company filed a libel against the schooner L. W. Perry and her cargo of tan bark for the salvage services rendered by the steamer F. & P. M. No. 1. An answer and a petition are filed by the claimants of the cargo, but no claimant of the schooner appears. The vessel foundered in the harbor immediately upon her arrival, and the principal part of the expense in the marshal's charges arose from the necessary lightering of the cargo and for services of tugs, as the wreck was obstructing the channel. By stipulation, an order was entered for the sale, forthwith, of vessel and cargo. The vessel sold for $76, and the cargo for $259.23, and application is made for distribution of the net proceeds. The libelant insists upon allowance of the entire net proceeds for salvage, and the claimants of the cargo petition for award to them of at least one-half the proceeds arising therefrom. The schooner L. W. Perry, laden with tan bark, was so damaged by collision upon the open waters of Lake Michigan that she became water-logged, and was abandoned by her crew. The steamer F. & P. M. No. 1, owned by the libelant, and engaged in the carriage of passengers and freight, while on her voyage from Chicago to Manistee, on the morning of November 15, 1895, fell in with this derelict about 25 miles N. N. E. of the port of Milwaukee; a storm which then prevailed having driven the steamer out of her usual course. Discovering the condition of the schooner, she was taken in tow, and the steamer put about for Milwaukee, the nearest port. The disabled vessel was delivered to a tug at the harbor entrance without serious difficulty, but grounded in mid-channel on arrival inside. The steamer departed from her voyage, and was detained one day by this service, and about $100 a day would be her actual expense, aside from the value of the service rendered.

Van Dyke, Van Dyke & Carter, for salvors.

M. C. Krause, for owner of cargo.

SEAMAN, District Judge (after stating the facts). The main difficulty in this case arises from the inadequacy of the fund to furnish reasonable compensation for the service rendered, owing to the condition of the vessel and the cargo, and the expenses necessarily incurred to make them available for sale. It is undisputed that the

schooner was derelict when taken up by the steamer; that it was a volunteer service, not referable to contract, and clearly a case of salvage; that, although not involving serious peril, the service was of special merit, because the schooner was adrift in the track of maritime commerce, and during a storm, imperiling other navigators through the absence of control, lights, or warning, and the steamer departed from her voyage at considerable expense, delay, and risk, and conferred benefit upon the public, as well as upon the owners of the salved property.

Without regard to the element of reward which is intended by the salvage allowance, it is manifest that remuneration pro opere et labore would be placed in excess of the fund here, if such basis were allowable. Therefore, it is contended on behalf of the libelant that the entire sum remaining should be awarded for the salvage service; and, as supporting such claim, they cite The Zealand, 1 Lowell, 1, Fed. Cas. No. 18,205, and The William Hamilton, 3 Hagg. Adm. 168. In those cases there was an award to salvors of the net proceeds, and in Llewellyn v. Two Anchors & Chains, 1 Ben. 81, Fed. Cas. No. 8,428, there is like disposition; but in each the fact is noted that no claimant of the salved property appeared, and in the opinion in The Zealand, Judge Lowell states, as ground for the allowance, the "distinct refusal by the owner to claim," and that if he had appeared he "should not feel at liberty to make the order." These decisions are of eminent authority in the admiralty, but, so far as relates to the proceeds of the cargo, which is the principal subject of controversy here, are not applicable, because the claimants appear and contest the claim.

While salvage is of the nature of a reward for meritorious service, and for determination of its amount the interests of the public and the encouragement of others to undertake like service are taken into consideration, as well as the risk incurred, and the value of the property saved, and where the proceeds for division are small, the proportion of allowance to the salvor may be enlarged to answer these purposes, nevertheless, the doctrine of salvage requires, as a prerequisite to any allowance, that the service "must be productive of some benefit to the owners of the property salved; for, however meritorious the exertions of alleged salvors may be, if they are not attended with benefit to the owners, they cannot be compensated as such." Abb. Shipp. (London Ed., 1892) 722. The claim of the libelant can only be supported as one for salvage. It does not constitute a personal demand, upon quantum meruit, against the owners, but gives an interest in the property saved, which entitles the salvor to a liberal share of the proceeds. Allowance of the whole cannot be made without repudiating the doctrine of salvage; and, as remarked by Judge Betts, in The Waterloo, 1 Blatchf. & H. 114, Fed. Cas. No. 17,257, "would be a return to the barbarous practice of giving the finder all he finds." There must be a residuum secured to the owner. "His rights are not to be deemed derelict." Id. In Smith v. The Joseph Stewart, Crabbe, 218, Fed. Cas. No. 13,070, a similar claim was denied, and it is pertinently said in the opinion:

"If the salvors are to take all, the loss would be as total to the owner as if his property had been swallowed up by the sea;" in effect, the owner would be required "to pay for saving when nothing is saved."

One of the grounds for liberality in salvage awards is the risk assumed by the salvor,—that he can have no recompense for service or expense unless he is successful in the rescue of property, and that his reward must be within the measure of his success. He obtains an interest in the property, and in its proceeds when sold, but accompanied by the same risk of any misfortune or depreciation which may occur to reduce its value. In other words, he can only have a portion in any event; and the fact that his exertions were meritorious, and that their actual value, or the expense actually incurred, exceeded the amount produced by the service, cannot operate to absorb the entire proceeds against the established rules of salvage. The Carl Schurz, 2 Flip. 330, Fed. Cas. No. 2,444. Therefore, the application to that extent must be denied; but, in consideration of the circumstances, and of the small amount remaining, the salvor should obtain the utmost which can be awarded. This is not limited to a moiety, as contended on behalf of the claimants, but may be placed at such portion as will make the best approach to the purpose of salvage allowance. Post v. Jones, 19 How. 150; Smith v. The Joseph Stewart, Crabbe, 218, Fed. Cas. No. 13,070; Two Hundred and Ten Barrels of Oil, 1 Spr. 91, Fed. Cas. No. 14,297; The William Smith, 59 Fed. 615. In this view, three-fourths of the net proceeds of both vessel and cargo, after deducting the expenses and costs apportioned against each, will be awarded to the libelant for salvage.